COLE'S ESTATE ET AL. *v*. RECEIVER FIRST STATE BANK OF
PITTSBORO, ET AL.

[81 South. 237, No. 20607.]

1. BANKS AND BANKING. *Receivership. Note. Interest.*

Where the purchaser of road bonds delivered to a state bank
which was a county depository in payment for the bonds, a
note which had been given to the purchaser by the officers of
the bank as security for a loan by the purchaser to the bank,
and also certain collaterals which had been given to the pur-
chaser as security for his loan to the bank, and afterwards the
court upon the bank's insolvency, refused to accept the note of
the purchaser as payment for the bonds, and the receiver col-
lected from the collaterals sufficients funds to pay the note
which had been given the purchaser by the bank and the in-
terest thereon. In such case the receiver must allow credit to
the purchaser not only for the note which he had surrendered
but also the interest thereon.

2. APPEAL AND ERROR. *Subsequent appeal. Law of case.*

The rule of law laid down on a former appeal as to a federal ques-
tion is subject to review on a subsequent appeal.

APPEAL from the chancery court of Calhoun county.
HON. J. G. MCGOWEN, Chancellor.

Suit by the United States Fidelity & Guaranty Com-
pany against the estate of G. W. Cole, deceased, and the
National City Bank, and another.

From the decree rendered the estate of G. W. Cole
deceased and the National City Bank, appeal.

For statement of facts see 116 Miss. 239.

No brief of counsel found in the record.

*W. D. & J. R. Anderson, R. J. West, J. E. Holmes,
Wilson & Armstrong* and *C. H. Hale,* for appellants.

*Thos. L. Haman, Jr.,* and *W. M. Hall,* for appellees.

HOLDEN, J., delivered the opinion of the court.

This case is here on appeal for the second time. For a full statement and discussion of the facts, and the law as announced by this court governing this controversy, we refer to the decision of the case styled *U. S. Fidelity & Guaranty Co. et. al.* v. *First State Bank et al.*, 116 Miss. 239, 76 So. 747.

Under this decision the cause was reversed and remanded, with a full announcement of the law to be applied by the lower court in settling the different controversies between the several parties to the litigation. The lower court applied the legal principles laid down in the former opinion, and we find no new facts or new questions raised in the present appeal, except that on the second hearing before the chancellor it appeared that the receiver of the First State Bank had collected sufficient funds on the collateral notes surrendered to the First State Bank by G. W. Cole to pay the Cole estate the amount of money due it by said First State Bank and also the interest thereon to the time of payment. But the chancellor declined to allow the interest amounting to about one thousand, eight hundred dollars, on the six thousand dollar note due by the bank to the estate of G. W. Cole.

We think it was error in not allowing this interest, as well as the principal; and to that extent the decree is reversed, and a decree for both the principal and interest due by the First State Bank to the estate of G. W. Cole will be entered here. We see no other error in the record, and we adhere to the law of the case as announced by this court on the former appeal.

The other branch of the case, which is the controversy between the United States Fidelity & Guaranty Company and the National City Bank of Memphis, is fully discussed and decided in the former opinion of this court; and while this branch of the case presents a federal question, and for that reason is subject to

review here again on the question of law, we have de-
cided, after a careful consideration of the rule of law
announced with reference to the liability of the National
City Bank to the United States Fidelity & Guaranty
Company, that the conclusion reached and announced
in the former opinion is sound and will not be dis-
turbed on this appeal.

On account of error in calculation, one thousand, six
hundred dollars of the amount decreed against the
National City Bank in favor of the United States
Fidelity & Guaranty Company must be remitted here
by the latter party; the correct amount of recovery
being eleven thousand, one hundred, twenty-eight dol-
lars and seventy-four cents.

The decree of the lower court is affirmed in all
respects, except as indicated herein.

Affirmed in part, and reversed in part, and decree
entered here.

*Affirmed in part.*
*Reversed in part.*